Folkes and McRea *vs.* P. & T. Hayden et al.

P. and T. Hayden and others, as judgment creditors of W. H. S., filed their bill in chancery, for the purpose of subjecting to the payment of their respective judgments a lot of ground situated in the city of Vicksburg, on which it is alleged two of the defendants, C. and M., held a lien to secure them against certain acceptances of bills of exchange, drawn by the said W. H. S.; and the bill charges that the said W. H. S. has placed in the hands of the acceptors, C. and M., sufficient amount of means with which to pay said acceptances, or if paid, to reimburse the acceptors. It is further alleged, that though the lien has been, in effect, discharged, it is still outstanding, or does not appear from the record to have been satisfied; and that the complainants are for this reason embarrassed in pursuing their legal remedies to subject the property to the payment of their judgments. It is further alleged, that F. and M. and others are indebted to said W. H. S., or have effects in their hands, or know of persons who are indebted, or have effects of the said W. H. S. *Held,* that so far as the bill seeks to subject the lot of ground named to the payment of the judgment, it ought to be sustained; but as to the other objects sought, it ought to be dismissed, as that relief could with less delay and expense be obtained at law, by process of garnishment.

Where debtors claim under a fraudulent assignment from the judgment debtor, or where there is some impediment which may exist, or be interposed to defeat or embarrass proceedings at law, then a court of equity may take jurisdiction of the matter; but no such obstacles are shown in this case.

On appeal from the superior court of chancery; Hon. Charles Scott, chancellor.

P. and T. Hayden and others, filed their bill in the superior court of chancery, alleging that they were judgment creditors of one W. H. Sheffield, upon which judgments returns of *nulla bona* had been made; and the bill seeks to make liable to the judgments, various alleged equitable assets of the judgment debtor, in the hands of different defendants to the bill; and among others, the appellants are charged to have in their hands effects of, or to be indebted to the judgment debtor. The bill was demurred to, and the demurrer being overruled, an appeal was taken to this court.

*A. Burwell,* for appellants.

It does not follow that the chancery court has jurisdiction in all cases, because it has in some. Chancery has jurisdiction of a debt, for the purpose of foreclosing a mortgage, and for many other purposes. But when there are no such purposes, it has none. It will exercise the power that it has to foreclose, or remove obstacles in the shape of fraudulent conveyances, &c.

*W. C. & A. K. Smedes,* for appellees.

The very question involved in this case has been decided by this court, and it requires no argument to enforce it upon the court. *Cohen* v. *Carroll,* 5 S. & M. 545.

The above-recited case is considered conclusive of the question to be settled in the case at bar. But in addition to that authority, the court is also referred to *Weed* v. *Pierce,* 9 Cow. 722.

The general jurisdiction of the court. But for the earnestness with which counsel on the other side pressed the want of jurisdiction, it would hardly be necessary to offer an argument or authority in behalf of its exercise, in a class of cases occurring so continually, and acquiesced in so generally, that few instances have occurred in the books questioning it. Direct authorities will be found in the following cases: *Boyd* v. *Hoyt,* 5 Paige, 77; *Hadden* v. *Spader,* 20 Johns. 554; *Cassiday* v. *Meachem,* 3 Paige, 312.

Even in those cases wherein in England a contrary doctrine, on the ground of a want of privity, has been maintained, namely, where the legatee sues the executor for his legacy, and sues also the debtors of the testator's estate, to make them pay the executor, so that the latter can pay him, the courts have held, that where the executor is insolvent, the junction of the debtors is allowable, and not ground for demurrer. 1 Daniel, Plea and Pract. in Chancery, 374 (Perkins' ed.); *Alsager* v. *Rowley,* 6 Ves. 749; *Houghton* v. *Binkes,* Ib. 573–575 (Sumner's ed. notes); *Benfield* v. *Solomons,* 9 Ib. 86; *Emslie* v. *McAulay,* 3 Bro. C. C. (Perk. ed.) 627.

In this case, the judgment debtor occupies the position of the executor, and being insolvent, the court has jurisdiction.

It has jurisdiction in analogy to that conferred by the stat-

ute.   The late chancellor Buckner expressly decided this point, and it is reported in *Wright* v. *Shelton,* 1 S. & M. Ch. R. 403. No appeal was taken from his decision, and so far as I know it has met uniform approval, until the present appeal has questioned it.

Mr. Justice FISHER delivered the opinion of the court.

The complainants as judgment creditors of William H. Sheffield, filed this bill in the superior court of chancery, for the purpose of subjecting to the payment of their respective judgments a lot of ground situate in the city of Vicksburg, on which it is alleged the defendants Cobb and Manlove hold a lien to secure them against certain acceptances of bills of exchange, drawn by the said Sheffield.   The bill, in substance, alleges that Sheffield has provided or placed in the hands of said acceptors, a sufficient amount of means with which to pay off said bills, or if already paid, to reimburse the acceptors.   It is further alleged, that though the lien has been, in effect discharged, it is still outstanding, or does not appear by the record to have been satisfied; and that the complainants are for this reason embarrassed in pursuing their legal remedies, to subject the property to the payment of their judgments.

The bill further alleges, that Folkes and McRea and others are indebted to Sheffield, or have effects of his in their hands, or know of persons who are thus indebted, or have effects of the said Sheffield in their hands.

The several defendants in the court below, interposed a demurrer to the bill, which demurrer being overruled by the chancellor, they prosecuted their appeal from that decree to this court.

So far as the bill seeks to subject the lot of ground already named to the complainants' judgments, it is clear that it ought to be sustained.   This point requires no argument.   But it is nevertheless equally clear, that as to the other object, and the other parties, it ought to be dismissed.   No relief is sought which the complainants could not with less delay, and certainly much less expense to all parties, obtain at law, by merely making their affidavit, and causing process of garnishment to be

11*

issued against the several alleged debtors of the judgment debtor, under the statute. The remedy in the latter case would be simple, attended with no expense, and with but little inconvenience to the garnishees. Indeed, they would be allowed by the court, out of the debts due to the judgment debtor, under the statute, reasonable compensation for their loss of time and trouble in attending court. It is not pretended, that the defendants thus brought before the court, claim either the money or effects averred to be in their hands, under any fraudulent agreement or assignment of the judgment debtor, made with a view of hindering, delaying, or defrauding the complainants in collecting their judgments. But that they are simply debtors of the said judgment debtor, or have effects of his in their hands, or know of persons who are so indebted. These allegations would, if incorporated into an affidavit, or other preliminary steps necessary to be taken to obtain writs of garnishment, be held sufficient for that purpose. But so far from showing or tending to show a case, requiring the interposition of a court of equity, they show directly the reverse, — a case in which the court of law rendering the judgments is fully competent to give the relief sought. The remedy in equity would not be even more complete or certain than at law, but on the contrary would be attended with greater expense, delay, and inconvenience to all parties.

In conclusion, we remark in regard to the authorities cited by the complainants' counsel, that they establish only what opposing counsel admits; that where the debtors claim under a fraudulent assignment from the judgment debtor, or where there is some impediment, which may exist or be interposed to defeat or embarrass proceedings at law, then a court of equity may take jurisdiction of the question, and afford the desired relief. No such pretence, however, is even hinted at in this case. It is in all respects a simple case of garnishment.

Decree reversed; demurrer as to Folkes and McRea and others, pursued as garnishees, sustained; and cause remanded to be proceeded in as to the real estate, and parties interested therein.